UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ERIC ANTHONY ARRIAGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-08-76 |
| | § | |
| J.A. RENDON, *Individually*, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Before the Court is Defendant Jeff Rendon's (Rendon) Opposed Motion for Costs (Dkt. No. 130), to which Plaintiff Anthony Arriaga ("Arriaga") has responded (Dkt. No. 133). After considering the motion, response, record, and applicable law, the Court is of the opinion that Rendon's motion should be **DENIED**.

### Background

The facts giving rise to this lawsuit are described at length in the Court's December 10, 2010 Memorandum Opinion and Order granting Defendant Ryan Gregory's Motion for Summary Judgment on the Basis of Qualified Immunity. (Dkt. No. 105.) In sum, Arriaga claimed that Rendon, a licensed officer employed by the Texas Alcohol & Beverage Commission (TABC), used excessive force while detaining and arresting him at the Cactus Canyon night club in July 2008. According to Arriaga, Rendon struck him with his asp baton, tackled him to the ground, and then beat him with his asp. As a result, Arriaga claimed he sustained numerous physical injuries, including a broken fibula that required reconstructive surgery.

Following a five-day trial in January 2010, a jury found that Rendon had violated Arriaga's federal constitutional right not to be subjected to excessive force during an arrest. (Dkt. No. 127, Interrog. No. 1.) Nonetheless, the jury found that Arriaga's claims for excessive force were barred

1

under the doctrine of qualified immunity. (*Id.*, Interrog. No. 2.) Thus, the Court entered a take nothing judgment against Arriaga and a final judgment for the Defendant. (Dkt. No. 134.) As the prevailing party in this case, Rendon moves the Court to assess taxable costs against Arriaga.

## Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides in part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Whether to award costs is within the Court's sound discretion. *See Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). However, Rule 54(d)(1) contains a "strong presumption" that the prevailing party will be awarded costs, and as a result, "the general discretion conferred by Rule 54(d)(1) has been circumscribed by the judicially-created condition that a court 'may neither deny nor reduce a prevailing party's request for cost[s] without first articulating some good reason for doing so.'" *Id.* at 793—94 (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)).

The Fifth Circuit has recognized "a wide range of reasons . . . to justify withholding costs from the prevailing party." *Pacheco*, 448 F.3d at 794 (citing 10 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2668, at 234 (1998)). "Among these are: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Id.* A court may also deny costs if the losing party prosecuted the action in good faith; however, good faith alone will not justify withholding costs from the prevailing party, and it must be accompanied by additional justification. *Id.*

## Analysis

Arriaga opposes awarding Rendon costs, citing his own good faith in prosecuting this action as well as the five factors articulated in *Pacheco*, 448 F.3d at 794. With respect to factor one,

Arriaga maintains that he is currently unemployed, and an award of costs against him would "cripple him financially" and inevitably force him into filing bankruptcy. Under factors two and three, Arriaga contends the jury's finding that Rendon did in fact violate Arriaga's constitutional right to be free from excessive force shows that close and difficult legal issues were present, and may also be construed as misconduct on Rendon's part. Likewise, under factor four, such a finding of excessive force by the jury "has served notice to TABC and other law enforcement agencies that such conduct will not be tolerated and thus, a substantial benefit has been conferred on the public." (Dkt. No. 133 at 2.) Finally, with respect to factor five, Arriaga points to the serious disparity in his net worth compared to the vast resources of the State of Texas, which provided Rendon's entire defense.

The Court is of the opinion that Arriaga prosecuted this action in good faith, and his explanation for withholding an award of costs satisfies all five factors set forth in *Pacheco*, 448 F.3d at 794. Thus, the Court finds that there is good reason not to tax costs against Arriaga.

## CONCLUSION

Rendon's Opposed Motion for Costs (Dkt. No. 30) is **DENIED**. Each party will bear its own costs.

It is so **ORDERED**.

**SIGNED** this 17th day of March, 2010.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE