# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### VICTORIA DIVISION

| | | |
|---|---|---|
| **ERIC ANTHONY ARRIAGA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. V-08-76** |
| | § | |
| **J.A. RENDON,** *Individually*, | § | |
| | § | |
| **Defendant.** | § | |

## OPINION AND ORDER

Before the Court is Plaintiff Anthony Arriaga's ("Arriaga") Motion for a New Trial (Dkt. No. 136), to which Defendant Jeff Rendon ("Rendon") has responded (Dkt. No. 137). After considering the motion, response, record, and applicable law, the Court is of the opinion that Arriaga's motion should be **DENIED**.

## I.  Factual and Procedural Background

The facts giving rise to this lawsuit are described at length in the Court's December 10, 2009 Memorandum Opinion and Order granting Defendant Ryan Gregory's Motion for Summary Judgment on the Basis of Qualified Immunity (Dkt. No. 105). In sum, Arriaga claimed that Rendon, a licensed officer employed by the Texas Alcohol & Beverage Commission (TABC), used excessive force while detaining and arresting him at the Cactus Canyon night club in July 2008. According to Arriaga, Rendon struck him with his asp baton, tackled him to the ground, and then beat him with his asp. As a result, Arriaga claimed he sustained numerous physical injuries, including a broken fibula that required reconstructive surgery.

1

The Court held a five-day jury trial in January 2010. Over Rendon's objection, the Court allowed Arriaga to elicit the trial testimony of two witnesses concerning Rendon's alleged use of excessive force against them under similar circumstances. The Court admitted the witnesses' testimony pursuant to Federal Rule of Evidence 404(b), which provides that although "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," such evidence may be admissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." FED. R. EVID. 404(b).

In response, Rendon sought to offer the testimony of a Texas Department of Public Safety (DPS) officer concerning prior misconduct by Arriaga, namely that Arriaga had previously attempted to evade arrest by fleeing from the officer while riding his motorcycle. Arriaga objected, noting that prior to trial, the Court had ruled that pursuant to *U.S. v. Hamilton*, 48 F.3d 149 (5th Cir. 1995), the judgment, sentencing documents, and order of deferred adjudication for felony evading arising from this incident were inadmissible as impeachment evidence against Arriaga under Federal Rule of Evidence 609. In *Hamilton*, the Fifth Circuit held that a deferred adjudication is not a "conviction" within the meaning of Rule 609, which permits a witness to be questioned about any felony conviction or any conviction of a crime involving "dishonesty or false statement, regardless of the punishment." *Hamilton*, 48 F.3d at 153. Rendon explained that he did not wish to offer evidence of Arriaga's deferred adjudication for felony evading in order to impeach Arriaga under Rule 609, but instead sought to offer the DPS officer's testimony under Rule 404(b), in order to establish that Arriaga's intent, knowledge, and plan when confronted by police is to avoid apprehension and effect an escape. After finding that *Hamilton* did not apply, the Court overruled Arriaga's objection and allowed Rendon to offer the DPS officer's testimony.

2

At the trial's conclusion, the jury found that Rendon had violated Arriaga's federal constitutional right not to be subjected to excessive force during an arrest. (Dkt. No. 127, Interrog. No. 1.) Nonetheless, the jury found that Arriaga's claims for excessive force were barred under the doctrine of qualified immunity. (*Id.*, Interrog. No. 2.) Thus, the Court entered a take nothing judgment against Arriaga and a final judgment for Rendon. (Dkt. No. 134.)

Arriaga now moves for a new trial under Federal Rule of Civil Procedure 59 on the grounds that: (1) the Court improperly allowed the introduction of evidence related to Arriaga's deferred adjudication for felony evading, including improper testimony offered in conjunction with that evidence; and (2) the verdict was against the great weight of the evidence.

## II.  Legal Standard

Rule 59(a) provides that the Court may grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." FED. R. CIV. P. 59.  Therefore, the Court may grant a new trial if it finds that the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). When a party moves for a new trial on evidentiary grounds, the Court will not grant a new trial unless "the verdict is against the great weight of the evidence." *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998).  Courts are to decide whether to grant a new trial based on their assessment of the fairness of the trial and the reliability of the jury's verdict.  *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991).

The decision to grant or deny a motion for new trial lies within the discretion of the Court. *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982).  In determining whether to grant a motion for new trial, the Court must view the evidence in the light most favorable to the jury's

verdict, and the verdict must be affirmed unless the evidence points so strongly and overwhelmingly in favor of the other party that the Court believes that reasonable persons could not arrive at a contrary conclusion. *Dawson v. Wal-Mart Stores, Inc.*, 978 F.2d 205, 208 (5th Cir. 1992).

## III.  Analysis

### A.  The introduction of evidence concerning Arriaga's deferred adjudication for felony evading was proper.

Arriaga first moves for a new trial on the grounds that the evidence of his prior sentence and order of deferred adjudication for felony evading was improperly admitted pursuant to the Fifth Circuit's holding in *U.S. v. Hamilton*, 48 F.3d 149 (5th Cir. 1995). In addition to *Hamilton*, Arriaga also cites *U.S. v. Valentine*, which reiterated that "a deferred adjudication does not subject a witness to impeachment with the use of a prior 'conviction.'" 401 F.3d 609, 615 (5th Cir. 2005) (citing *Hamilton*, 48 F.3d at 153).

As explained *supra*, the Court did not admit evidence of Arriaga's sentence and deferred adjudication for felony evading as a "conviction" under Rule 609, but instead admitted the DPS officer's testimony concerning the events leading up to Arriaga's arrest for felony evading as evidence of other wrongs or acts under Rule 404(b). Because Rule 404(b) allows "evidence of other crimes, *wrongs, or acts*," whether Arriaga was actually convicted of felony evading—as opposed to being subject to deferred adjudication for the same conduct—is irrelevant under Rule 404(b). *Hamilton* and *Valentine* are inapposite to this issue, and Arriaga fails to cite any other authority or otherwise explain why this evidence was inadmissible under Rule 404(b).

Arriaga further complains that he relied upon the fact that the Court had deemed the evidence of his prior sentence and deferred adjudication for felony evading inadmissible, and then was unjustly surprised by the introduction of this evidence at trial. As a result, Arriaga claims that he was unable to prepare a defense to the allegations surrounding his arrest for felony evading.

4

Citing *Genmoora Corp. v. Moore Bus, Forms, Inc.*, 939 F.2d 1149 (5th Cir. 1991), Arriaga argues he is therefore entitled to a new trial based on unfair surprise.

In *Genmoora*, the Fifth Circuit recognized that a court may order a new trial when a party suffers "prejudicial surprise 'inconsistent with substantial justice.'" 939 F.2d at 1156 (quoting *Conway v. Chemical Leaman Tank Lines, Inc.*, 687 F.2d 108, 111—12 (5th Cir. 1982)). However, the court limited "unfair surprise" to "situations where a completely new issue is suddenly raised." *Id.* Here, the record shows that Arriaga was aware of Rendon's intention to offer evidence related to the felony evading charges at least two weeks before trial, as evidenced by Arriaga's Motion in Limine (Dkt. No. 111) and Objections to Defendant's Exhibit List (Dkt. No. 110). Although the Court addressed the majority of Arriaga's evidentiary objections in an Order entered roughly a week before trial, the Court explicitly reserved its ruling on Arriaga's motions and objections related to his arrest and deferred adjudication for felony evading until trial. (Dkt. No. 114.) Arriaga therefore had ample time to prepare a defense, and he was not unfairly surprised by the admission of the officer's testimony related to these charges.

The Court finds that the introduction of evidence concerning Arriaga's prior conduct involving felony evading was proper, and Arriaga is not entitled to a new trial on these grounds.

**B. The verdict in favor of Rendon was not against the great weight of the evidence.**

Arriaga further moves for a new trial on the grounds that the jury's verdict was against the great weight of the evidence. According to Arriaga, "During the trial of the case, the pertinent testimony (developed mainly from objective witnesses), in regards to the use of force admittedly utilized by Defendant Rendon, was that Defendant had struck Plaintiff with an asp and tackled him down to the floor in response to mere questions." (Dkt. No. 136 at 5.) However, Arriaga fails to cite to any specific testimony or identify the "objective witnesses" who provided said testimony.

5

Instead, "without reiterating the contradictory testimony of Defendant and the objective witnesses," Arriaga summarily concludes that "the jury's verdict in this matter was so contrary to the evidence presented at trial as to demand a new trial on the issues." (Dkt. No. 136 at 5.)

As noted *supra*, the jury found that Rendon had violated Arriaga's federal constitutional right not to be subjected to excessive force during an arrest, but nonetheless found that Arriaga's claims for excessive force were barred under the doctrine of qualified immunity. The Court must view the evidence in the light most favorable to the jury's verdict, and the verdict must be affirmed unless Arriaga can demonstrate that the evidence points so strongly and overwhelmingly in his favor that the Court believes that reasonable persons could not arrive at a contrary conclusion. *See Dawson*, 978 F.2d at 205. Arriaga has failed to meet this burden. Accordingly, the Court finds that the jury's verdict was not against the great weight of the evidence, and Arriaga is not entitled to a new trial on these grounds.

## IV. Conclusion

For the reasons set forth above, the Court finds no persuasive reason to overturn the jury's verdict.  Arriaga's Motion for a New Trial (Dkt. No. 136) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 19th day of October, 2010.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE